**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Sterling Serino,                                          Case No. 0:10-cv-01812 JRT/JJK

       Plaintiff,

vs.                                                       **RULE 26(f) REPORT**

Afni Inc.,

       Defendant.

---

Despite the best efforts of counsel for Defendant to reach Plaintiff, Plaintiff did not participate in the meeting required by Fed. R. Civ. P. 26(f). Counsel for Defendant sent a request for a Rule 26(f) meeting to Plaintiff (who is *pro se*) via U.S. Mail on May 28, 2010, and received no response. Defendant's counsel also attempted to contact Plaintiff by telephone at the number listed on his Complaint on May 27 and June 3, 9, and 16, 2010. Each time counsel called the number, a recording immediately stated: "The number you have called is not able to receive calls at this time." Defendant prepared the following report.

The pretrial conference in this matter is scheduled for June 23, 2010, at 4:00 p.m., before United States Magistrate Judge Jeffrey J. Keyes in Courtroom 6A, United States District Court, Warren E. Burger Federal Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

## A. DESCRIPTION OF CASE

(1)    Concise Factual Summary of Plaintiff's Claims;

       Plaintiff *pro se* – a former debt collector himself – alleges that Defendant, a collection agency, violated the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Plaintiff alleges that Defendant violated the FDCPA by contacting a third party (a woman whom he claims is his significant other) in an attempt to collect a past-due debt.

(2)    Concise Factual Summary of Defendant's claims/defenses;

       Defendant did attempt to contact Plaintiff concerning a valid debt. A woman answered Plaintiff's telephone and represented to Defendant's employee(s) that

she was his wife. Communication with a debtor's spouse does not violate the FDCPA.

(3)   Statement of Jurisdiction (including statutory citations);

Plaintiff's Complaint asserts a single claim against Defendant, for alleged violation of the FDCPA, 15 U.S.C. § 1692 et seq. This Court has subject matter jurisdiction over this civil action as alleged because it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

(4)   Summary of Factual Stipulations or Agreements;

(None at this time.)

(5)   Statement of whether jury trial has been timely demanded by any party;

Defendant timely demanded a jury trial in its Answer.

(6)   If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, a statement of the parties' agreement.

(None at this time.)

## B. **DISCOVERY DEADLINES AND LIMITS**

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan which is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan which is appropriate for the circumstances of this case. The details of the discovery plan should be set forth in the Rule 26(f) Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case.
However, the parties are encouraged to reach agreement upon, and suggest to the Court, a discovery plan which takes into account the unique circumstances of the individual case. To the extent that the parties cannot reach agreement on any particular item about scheduling or discovery limitation, they should set forth their separate positions in the Rule 26(f) Report and this will be discussed at the Pretrial Conference:

All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before July 9, 2010.

All motions which seek to amend the pleadings or to add parties must be filed and served on or before July 30, 2010.

Fact discovery shall be commenced in time to be completed on or before January 7, 2011.

No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side. No more than 25 document requests and no more than 25 requests for admissions shall be served by each side.

No more than 4 depositions, excluding expert witness depositions, shall be taken by each side.

Non-dispositive motions and supporting documents, including those which relate to fact discovery, shall be filed and served on or before January 14, 2011.

Each side may call up to 1 expert witness.  Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(8), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

Identities by Plaintiff on or before October 1, 2010.

Reports by Plaintiff on or before October 1, 2010.

Identities by Defendant on or before November 1, 2010

Reports by Defendant on or before November 1, 2010.

Each side may take one deposition per expert.  Expert discovery, including depositions, shall be completed by January 7, 2011.

All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before January 15, 2011.

No more than 1 Rule 35 medical examinations shall be taken on or before January 14, 2011.

C.  **PROTECTIVE ORDER**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order.  The parties are encouraged, though not required, to use Form 6 to the Local Rules as a template for the proposed Protective Order, they shall present

with this report any issues of disagreement. The Court shall endeavor to resolve any issues relating to the Protective Order in connection with the pretrial conference.

### D. INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:

> Defendant is not submitting a claim to its insurer for this claim.

### E. DISPOSITIVE MOTION SCHEDULE

The parties recommend that dispositive motions be filed and served on or before February 4, 2011. For those cases assigned to Judges Magnuson, Kyle and Schiltz, this dispositive motion deadline will be for the filing, serving and hearing of the motion.

### F. TRIAL-READY DATE

The parties agree that the case will be ready for jury trial on or after April 11, 2011; the expected length of trial is 2 days.

### G. SETTLEMENT

(1) Defendant agrees that the parties should discuss settlement before June 23, 2010, the date of the initial pretrial conference, by the plaintiff making a written demand for settlement and, if Plaintiff makes such a demand, defendant making a written response/offer to the plaintiff's demand.

(2)   Defendant believes that a settlement conference is appropriate and should be scheduled by the Court before September 27, 2010.

(3) The parties have discussed whether alternative dispute resolution (ADR) will be helpful to the resolution of this case and recommend the following to the Court:

> As noted above, Defendant believes that an early settlement conference is appropriate.

### H. TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent should be filed with the Rule 26(f) Report.)

DATE:   June 18, 2010                           s/ David A. Turner
                                                  BASSFORD REMELE, P.A.
                                                  Michael A. Klutho (License #186302)
                                                  Susan E. Gustad (License #0268008)
                                                  David A. Turner (License #0333104)
                                                  33 S. Sixth St., Suite 3800
                                                  Minneapolis, MN 55402-3707
                                                  (612) 333-3000
                                                  Counsel for Defendant